BOUTALL, Judge
(dissenting).
I dissent.
The basic issue before us is whether the contestant met the requirements of LSA-R. S. 18:364 which provides that the petition shall set forth specifically in detail the grounds on which the contest is based and the irregularities or frauds of which complaint is made. My disagreement with the majority is mainly a matter of the degree of specificity in detail required.
*686 The contestant alleges in Article 10 of his original petition the following:
“In many precincts on December 15, 1973, the names of persons who did not personally appear in the polling booth were entered on the poll lists and votes were actually cast through the voting machines in a corresponding number.”
This is followed by an itemization of each precinct complained of, showing the number of votes on each machine, the number of voters appearing on the precinct register, and the difference between these two numbers. This itemization was amplified in a supplemental petition and demonstrates more than 100 votes above the con-testee’s majority.
These facts are then used as the basis for the following allegations:
“11.
“Said votes were illegally and fraudulently cast and are of such a nature and in such a quantity that the results of this election will be materially changed if such illegal and fraudulent votes are eliminated from the tabulation, and but for such fraudulent and illegal votes petitioner would have received the majority of the legal votes cast; as a result of said illegality and fraud, your petitioner who has been legally nominated for the office of District Attorney for the Parish of Orleans may be deprived of his nomination.”
:jc ‡ :jc
“14.
“All of the commissioners and/or watchers were representing HARRY F. CONNICK or were supporters of his political faction and all of the fraudulent and illegal votes were cast surreptitiously so that petitioner had no opportunity to lodge a formal protest.”
Based upon the rationale of Dowling v. Orleans Parish Democratic Committee, 235 La. 62, 102 So.2d 755 (1958), I am of the opinion that these allegations meet the statutory requirement of specific grounds and specific illegalities or frauds. To require that the contestant additionally name each of the 2400 or so allegedly fraudulent voters and the commissioners at the various precincts presents to me a rather insurmountable obstacle in the limited time afforded by statute.
I agree that the other grounds of contest relied upon are either too generally alleged or are removed from consideration by the case of Smith v. Washington Parish Democratic Committee, 239 La. 827, 120 So.2d 257 (1960), but that case did not pass upon the illegality stated above. Although this ground is mentioned in that case, an examination of the final issues presented by the 252 contested votes therein discloses that none of those votes were cast by voters who did not personally appear to vote.
Although this dissent is based primarily upon the Dowling case, supra, I cannot subscribe to all of the views expressed therein. The contestant has stated a cause of actipn under the rationale of that case, and should be permitted to have his day in court in order to offer proof of his allegations. I cannot agree that mere failure of a voter to sign the precinct register is sufficient ground of itself to consider the nullity of an election, but fraud is alleged here in an amount sufficient to have judicial inquiry into the fairness of the election and the true expression of the electorate. What the proof of these allegations will be is an entirely different issue.